McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
One Hovchild Plaza
4000 Route 66
Tinton Falls, New Jersey 07753
(732) 733-6200
Attorneys for Plaintiff,
John Hancock Life Insurance Company (U.S.A.)

| | |
|---|---|
| **JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),**<br><br>**Plaintiff,**<br><br>v.<br><br>**KIMBERLY CLEMENTE, M.C., A MINOR, S.C., A MINOR, I.C., A MINOR, G.C., A MINOR, AND NEVADA TRUST COMPANY,**<br><br>**Defendants.** | **UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY**<br><br>**CIVIL ACTION NO.:** |

---

**CIVIL ACTION – COMPLAINT SEEKING INTERPLEADER AND OTHER RELIEF**

---

Plaintiff, John Hancock Life Insurance Company (U.S.A.) ("John Hancock"), by and through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of complaint seeking interpleader and other relief against defendants, Kimberly Clemente ("Clemente"), M.C., a minor, S.C., a minor, I.C., a minor, G.C., a minor and Nevada Trust Company ("Nevada"), alleges and says:

## JURISDICTION

1. At all times relevant, John Hancock is an insurance corporation organized and existing under the laws of the State of Michigan, with its principal place of business located at One John Hancock Way, Boston, Massachusetts 02217-1105.

2. John Hancock is domiciled in and is a citizen of the State of Michigan and the Commonwealth of Massachusetts within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

3. Clemente maintains a primary residence located at 10 Culpeper Lane, Colts Neck, New Jersey 07722, and is a citizen of the State of New Jersey within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

4. M.C., a minor, maintains a primary residence located 10 Culpeper Lane, Colts Neck, New Jersey 07722, and is a citizen of the State of New Jersey within the meaning and intent of 28 U.S.C. § 1332 AND § 1335.

5. S.C., a minor, maintains a primary residence located 10 Culpeper Lane, Colts Neck, New Jersey 07722, and is a citizen of the State of New Jersey within the meaning and intent of 28 U.S.C. § 1332 AND § 1335.

6. I.C., a minor, maintains a primary residence located 10 Culpeper Lane, Colts Neck, New Jersey 07722, and is a citizen of the State of New Jersey within the meaning and intent of 28 U.S.C. § 1332 AND § 1335.

7. G.C., a minor, maintains a primary residence located 10 Culpeper Lane, Colts Neck, New Jersey 07722, and is a citizen of the State of New Jersey within the meaning and intent of 28 U.S.C. § 1332 AND § 1335.

8. Nevada is a corporation organized under the laws of the State of Nevada, where it maintains its principal place of business located at 9130 West Russell Road, Suite 310, Las Vegas, Nevada 89193, and is a citizen of the State of Nevada within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

9. The United States District Court maintains original jurisdiction pursuant to 28 U.S.C. § 1332 and § 1335 given the amount of money being interpleaded exceeds the sum of $500 and at least two claimants are adverse within the meaning and intent of 28 U.S.C. § 1335.

10. The United States District Court further maintains original jurisdiction pursuant to 28 U.S.C. § 1332 because the plaintiff, John Hancock, and the defendants, Clemente and Nevada are diverse, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs of suit.

11. Venue is appropriate in the United States District Court, District of New Jersey, pursuant to 28 U.S.C. § 1391.

**FIRST COUNT**

12. At all times relevant, John Hancock was and is in the business of underwriting policies of life insurance and is authorized to transact the business of insurance within the State of New Jersey.

13. On September 30, 2009, John S. Clemente, deceased ("Decedent") applied to convert a policy of term life insurance bearing Policy No. 67173976 providing a death benefit in the amount of $1,500,000 and containing an issue date of January 15, 1997.

14. In the application for term conversion, the Decedent designated his then wife, Clemente, as the primary beneficiary eligible to receive death benefits under the Policy.

15. On the basis of the Decedent's application, John Hancock approved issuance of a flexible premium adjustable life insurance policy bearing Policy No. 94 764 727 ("Policy") containing a face amount death benefit of $1,500,000.

16. On February 16, 2011, the Decedent executed a change of beneficiary form pursuant to which Decedent designated Clemente, his "ex-wife" as primary beneficiary under the Policy. On February 18, 2011, John Hancock recorded the beneficiary change.

17. On March 16, 2014, the Decedent executed a change of beneficiary form pursuant to which the Decedent designated Clemente, his ex-wife as the primary beneficiary under the Policy. John Hancock recorded the change of beneficiary on March 20, 2014.

18. On September 1, 2014, the Decedent executed a change of beneficiary form pursuant to which the Decedent made the following beneficiary designations:

| | |
|---|---|
| M.C.-son | 17% |
| S.C.-daughter | 17% |
| I.C.-daughter | 17% |
| G.C.-daughter | 17% |
| Bradly Clemente-son | 13% |
| Michael Clemente-son | 10% |
| John Clemente-son | 9% |

19. On September 11, 2014, John Hancock recorded the change of beneficiary form.

20. On July 30, 2015, the Decedent executed a change of beneficiary form pursuant to which the Decedent designated his estate as the sole primary beneficiary. On August 17, 2015, John Hancock recorded the change in beneficiary.

21. On October 8, 2015, the Decedent executed a change of beneficiary form pursuant to which the Decedent designated Nevada as the sole primary beneficiary under the Policy.

22. On October 9, 2015, the Decedent executed a change of ownership (absolute assignment) form pursuant to which the Decedent transferred ownership of the Policy to Nevada.

23. On October 21, 2015, John Hancock recorded the change of beneficiary and change of ownership forms.

24. On March 18, 2017, the Decedent died, and as a consequence of the Decedent's death, John Hancock is obligated to pay the lawful beneficiary the death benefit arising under the Policy.

25. Under correspondence dated April 3, 2017, Nevada filed a Statement of Claim for death benefit seeking payment of the death benefit as a consequence of the Decedent's death.

26. On information and belief, Nevada seeks payment of the death benefit because at the time of the Decedent's death, it was designated the primary beneficiary under the Policy.

27. John Hancock received correspondence dated April 6, 2017, from Lawrence W. Luttrell, Esq., advising of his representation of Clemente. In said correspondence, attorney Luttrell demanded that John Hancock immediately freeze any further processing and payment under the Policy until further order of the Court. Counsel advised that he would be filing an action with the Court to compel turnover of the life insurance proceeds.

28. Attorney Luttrell enclosed an Order entered by the Superior Court of New Jersey, Chancery Division/Family Part, Monmouth County, bearing Docket No. FM-13-937-15B entitled, "Kimberly Clemente v. John Clemente," dated April 13, 2015, a Dual Judgment of Divorce dated August 11, 2016, and a Term Sheet.

29. On information and belief, Clemente seeks payment of the death benefit pursuant to the terms and provisions as may be contained in the aforesaid orders, individually, and/or on behalf of her minor children, M.C., S.C., I.C., and G.C.

30. John Hancock is unable to determine the validity of the conflicting and competing claims for payment of the death benefit arising under the Policy.

31. John Hancock claims no interest in the money or property except to the extent such payment discharges any and all obligations John Hancock will owe to any party arising out the Decedent's death and the benefits payable as a consequence thereof under the Policy.

32. John Hancock is unsure of the proper and lawful beneficiary given the conflicting claims for payment of the death benefit asserted on behalf of the parties hereto, and fears that payment of the death benefit to any one claimant will subject it to additional liability to other claimants who have heretofore and hereinafter may file claims seeking payment of the death benefit to the exclusion of all other claimants.

33. Concurrently with the filing of the complaint, John Hancock will seek to obtain an order to deposit the death benefit with the Clerk of the Court, and will request this Court to place said money in an interest-bearing account as allowed and provided by the Court Rules and applicable law.

34. John Hancock is without an adequate remedy at law and therefore seeks that the Court grant John Hancock interpleader and other relief.

**WHEREFORE** John Hancock demands judgment against defendants, and each of them, for relief more particularly described as follows:

A) An order declaring and adjudging the lawful and proper beneficiary of the death benefit provided under and pursuant to the policy of life insurance bearing Policy No. 94 764 727 on account of the death of the Decedent; and

B) An order appointing a *guardian ad litem* for each of the minor children, M.C., S.C., I.C., and G.C.

C) An order compelling the Defendants, and each of them, to adjust, settle and/or litigate among each other their respective and lawful entitlement to the death benefit under the Policy on account of the death Decedent; and

D) An order declaring and adjudging that upon John Hancock's payment of the death benefit to the Clerk of the United States District Court, that John Hancock shall be wholly and completely discharged and absolved from any further liability, of whatsoever nature, to each of the defendants and any other claimant for the death benefit arising under the policy of life insurance bearing Policy No. 94 764 727on account of the death of the Decedent; and

E) An order releasing and discharging John Hancock, its agents, employees, representatives, predecessors, successors, and assigns from and against any and all liability, suits, debts, judgments, dues, sums and/or causes of action whether at law or at equity, to any person, entity, claimant, defendant or otherwise for any and all benefits arising under and pursuant to the policy of life insurance bearing Policy No. 94 764 727 on the account of the death of the Decedent; and

F) An order permanently restraining and enjoining the defendants, and each of them, from instituting and prosecuting a suit, civil action or civil proceeding in any state, federal or other court of competent jurisdiction against John Hancock seeking benefits or asserting damage claims arising under the policy of life insurance bearing Policy No. 94 764 727 as a consequence of the death of the Decedent; and

G) An order awarding attorney fees, costs of suit, and such other relief and the court deems equitable and just.

Dated: May 30, 2017

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for Plaintiff,
John Hancock Life Insurance Company (U.S.A.)

By: _____
Steven P. Del Mauro, Esq.

*3346873*