NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),  Plaintiff,  v.  KIMBERLY CLEMENTE *et al.*,  Defendants. | Civ. No. 17-3824  **OPINION** |

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court upon the Motion to Recover Expert Fees filed by Defendant Nevada Trust Company ("Nevada Trust"). (ECF No. 201.) Defendant Linda Clemente opposes. (ECF No. 205.) The Court has decided the Motion based on the written submissions of the parties and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant Nevada Trust's Motion (ECF No. 201) is denied.

## **BACKGROUND**

The Court writes primarily for the parties and will only repeat facts and procedural history as necessary. This is an interpleader action involving competing claims to the proceeds of a life insurance policy (the "Policy"). Defendant Linda Clemente, one of the claimants to the Policy, retained George Stauffer as an expert witness. Defendant Nevada Trust, a competing claimant to the Policy, subpoenaed Mr. Stauffer to compel his appearance at a deposition.

1

(Nevada Trust's Ex. A, ECF No. 201-2.) Defendant Nevada Trust deposed Mr. Stauffer for five hours. (*See* Order at 3, ECF No. 148.)

Defendant Linda Clemente's counsel presented Defendant Nevada Trust with Mr. Stauffer's invoice for $22,830.44. (Nevada Trust's Br. at 3, ECF No. 201-1 (citing Nevada Trust's Ex. B, ECF No. 201-3).) Defendant Nevada Trust disputed that it was obligated to pay the balance of the invoice. (*See* Order at 1–2.) On January 31, 2020, the Court entered an Order directing Defendant Nevada Trust to pay a total of $10,750 for Mr. Stauffer's deposition and travel time. (*See id.* at 3–4.)[1]

Defendant Nevada Trust filed a Motion to Preclude Expert Testimony of Mr. Stauffer under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). (ECF No. 135.) After briefing and oral argument, the Court granted Defendant Nevada Trust's Motion, precluding Defendant Linda Clemente from introducing or relying on Mr. Stauffer's opinions. (ECF No. 195.) The Court also granted summary judgment in favor of Defendant Nevada Trust, concluding that Defendant Nevada Trust was entitled to the proceeds of the Policy. (*Id.*) Defendant Linda Clemente appealed the Court's Order to the United States Court of Appeals for the Third Circuit. (ECF No. 196.) Defendant Linda Clemente's appeal is pending.

On September 21, 2020, Defendant Nevada Trust filed the present Motion to Recover Expert Fees. (ECF No. 201.) The Motion requests that the Court direct Defendant Linda Clemente to reimburse Defendant Nevada Trust the $10,750 paid for Mr. Stauffer's deposition. (Nevada Trust's Br. at 5.) Defendant Linda Clemente filed an Opposition (ECF No. 205), and

---

[1] The Court concluded that "$14,000 for 23 hours of preparation for a five-hour deposition is not reasonable." (Order at 3, ECF No. 148.)

Defendant Nevada Trust filed a Reply (ECF No. 207). Defendant Nevada Trust's Motion to Recover Expert Fees is presently before the Court.

## LEGAL STANDARD

Under Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure, "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). Rule 26(b)(4)(E) provides, in pertinent part, "*Unless manifest injustice would result*, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)." Fed. R. Civ. P. 26(b)(4)(E) (emphasis added). Generally, then, "the party taking the expert's deposition will bear the costs charged by the expert for the testimony." *Reed v. Binder*, 165 F.R.D. 424, 427 (D.N.J. 1996) (citation omitted).

The "manifest injustice" exception to this general rule is "stringent," *id.* (quoting *Gorlikowski v. Tolbert*, 52 F.3d 1439, 1444 (7th Cir. 1995)), but the scope of the exception is not clearly established, *see Harris v. San Jose Mercury News, Inc.*, 235 F.R.D. 471, 473 (N.D. Cal. 2006); *Reed*, 165 F.R.D. at 427. The Advisory Committee Notes to the Federal Rules of Civil Procedure appear to reference indigence of a party as a potential reason to apply the exception. *See* Advisory Committee Notes to 1970 Amendments, 48 F.R.D. at 505 ("Even in cases where the court is directed to issue a protective order, it may decline to do so if it finds that manifest injustice would result. *Thus, the court can protect, when necessary and appropriate, the interests of an indigent party*." (emphasis added)). "When considering the meaning of the [Federal Rules of Civil Procedure], 'it is the Rule itself, not the Advisory Committee's description of it[,] that governs,'" *In re Nat'l Football League Players Concussion Inj. Litig.*, 775 F.3d 570, 576 n.6 (3d Cir. 2014) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 363 (2011)), but "the

3

Advisory Committee's notes on the federal rules are 'of weight' in interpreting the meaning of the rules," *id.* (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988)).

The plain meaning of Rule 26(b)(4)(E) suggests that other considerations in addition to indigence undergird the "manifest injustice" exception. *See Nilssen v. Osram Sylvania, Inc.*, 528 F.3d 1352, 1361 (Fed. Cir. 2008) (reasoning that "[t]here is nothing in the familiar understanding of the term 'manifest injustice' to suggest that it applies only to indigent parties"). Moreover, courts have concluded that the exception requires either that the deposing party is "indigent or that requiring [the deposing party] to pay a deposition fee incurred in litigation that [it] voluntarily initiated would create an undue hardship." *Harris*, 235 F.R.D. at 473 (citing *Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 547 (D. Ariz. 1999)). In *Reed*, this Court suggested that courts must "weigh the possible hardships imposed on the respective parties . . . [and] balance the need for doing justice on the merits between the parties . . . against the need for maintaining orderly and efficient procedural arrangements." 165 F.R.D. at 427–28 (quoting *Gorlikowski*, 52 F.3d at 1444 (stating the standard for a request to modify a pretrial order under Rule 16(e) of the Federal Rules of Civil Procedure)); *see also Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329, 332 (D. Del. 2003).

Having considered these persuasive precedents, the Court will assess the deposing party's financial condition and any "undue hardship" that would arise from applying Rule 24(b)(4)(E)'s general rule. As part of the Court's "undue hardship" analysis, the Court will adopt *Reed*'s instruction to "weigh the possible hardships imposed on the respective parties." *See Ndubizu v. Drexel Univ.*, 2011 WL 6046816, at *4 (E.D. Pa. Nov. 16, 2011) (incorporating *Reed*'s approach into the "undue hardship" prong of the court's "manifest injustice" analysis).

## **DISCUSSION**

**I.      Waiver**

Defendant Nevada Trust has not waived its principal argument. Waiver is the "intentional relinquishment or abandonment of a known right." *Citizens United Reciprocal Exch. v. Meer*, 321 F. Supp. 3d 479, 493 (D.N.J. 2018) (citation omitted). Defendant Nevada Trust preserved its argument when it proposed in a joint submission to the United States Magistrate Judge that "any Nevada Trust payment obligation should be stayed pending resolution of its motion to exclude Mr. Stauffer." (Joint Submission at 4, ECF No. 207-1.) In any event, the exclusion of Mr. Stauffer's expert testimony was a mere possibility when the Court directed Defendant Nevada Trust to pay $10,750 for Mr. Stauffer's deposition. The issue presently before the Court did not become ripe for disposition until the Court granted Defendant Nevada Trust's Motion to Preclude Expert Testimony.

**II.     "Manifest Injustice" Exception**

Defendant Nevada Trust has not demonstrated that it faces any financial challenges. Therefore, the Court proceeds to analyze whether any "undue hardship" would arise from denying Defendant Nevada Trust's Motion to Recover Expert Fees.

Defendant Nevada Trust contends that "manifest injustice" would result if it were required to pay Mr. Stauffer's deposition fees because the Court precluded Mr. Stauffer's testimony under *Daubert*. (*See* Nevada Trust's Br. at 4–5.) Defendant Nevada Trust relies on *Durkin v. Paccar*, *Inc.*, 2012 WL 12887769 (D.N.J. Dec. 28, 2012). In that case, the plaintiff deposed three of the defendant's expert witnesses. *Id.* at *1. The defendant initially paid for the depositions. *Id.* The defendant sought reimbursement of the deposition fees and expenses. *Id.* The court concluded that the plaintiff's arguments regarding one of the experts did not "alter the

general rule that the deposing party must reimburse the producing party for reasonable expert fees incurred during the actual taking of the expert's deposition." *Id.* at *5. The court noted, however, that the plaintiff could move to have the defendant reimburse the plaintiff "in the event any *Daubert* challenge [to the defendant's expert were] successful." *Id.* (citing *Rogers v. Penland*, 232 F.R.D. 581, 583 (E.D. Tex. 2005) (explaining that "[t]o require a party to pay for the costs of a witness who was not even called, and against whom the court had sustained a *Daubert* challenge is manifestly unjust")).

For two reasons, this Court does not believe that the exclusion of an expert witness whose fees have been paid by the deposing party automatically triggers the "manifest injustice" exception. First, courts have interpreted the exception as a combination of factors, including "hardships imposed on the respective parties," "the need for doing justice on the merits," and "the need for maintaining orderly and efficient procedural arrangements." *See, e.g.*, *Reed*, 165 F.R.D. at 427–28. Accordingly, the court interprets the exception as more akin to an equitable standard than a bright-line rule. Second, where an expert is not called to testify at trial for reasons other than a successful *Daubert* challenge, some courts have concluded that it would not be "manifestly unjust" for the deposing party to pay for the witness' deposition under Rule 26(b)(4)(E). *See, e.g.*, *Brown v. Butler*, 30 F. App'x 870, 876 (10th Cir. 2002); *First S. Bank v. Fifth Third Bank, N.A.*, 2014 WL 3868000, at *3 (D.S.C. Aug. 6, 2014); *Ndubizu*, 2011 WL 6046816, at *5. Those courts have reasoned that Rule 26(b)(4)(A) provides, "A party may depose [an expert witness] whose opinions *may* be presented at trial." *See, e.g.*, *Brown*, 30 F. App'x at 876. The possibility that an expert witness will not testify at trial is accounted for in the rule. The same logic extends to expert witnesses who are precluded from testifying under *Daubert*. Therefore, Mr. Stauffer's exclusion does not render Defendant Nevada Trust's payment

6

of Mr. Stauffer's deposition costs "manifestly unjust." The fact that Defendant Nevada Trust relied extensively on Mr. Stauffer's deposition in its Motion to Preclude Expert Testimony supports this conclusion. (*See* Nevada Trust's Mot. to Preclude Br. at 5–13, 15, 21–23, ECF No. 136.)[2]

Defendant Nevada Trust has not submitted other arguments suggesting that Defendant Nevada Trust would face "undue hardship" if it were required to pay for Mr. Stauffer's deposition and travel time. Nor has it offered any indication that a balancing of the parties' respective hardships weighs in favor of its position. Therefore, the Court does not find Rule 26(b)(4)(E)'s "manifest injustice" exception applicable to the present circumstances.

## **CONCLUSION**

For the foregoing reasons, Defendant Nevada Trust's Motion to Recover Expert Fees (ECF No. 201) is denied. An appropriate Order will follow.

Date: December 30, 2020               */s/ Anne E. Thompson*
                                      ANNE E. THOMPSON, U.S.D.J.

---

[2] The Court's conclusion does not turn on the fact that Defendant Nevada Trust was ultimately successful in precluding Mr. Stauffer's testimony.